IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRUSTEES OF THE AUTOMOBILE         )
MECHANICS' INDUSTRY WELFARE        )
AND PENSION FUNDS LOCAL 701        )
                                   )
        Plaintiffs,                )
                                   )   No. 09 C 1856
    v.                             )
                                   )
ELMHURST LINCOLN MERCURY,          )
an Illinois corporation,           )
                                   )
        Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Trustees of the Automobile Mechanics Local No. 701 Welfare and Pension Funds filed a three-count complaint against corporate defendants Elmhurst Lincoln Mercury, Inc. ("Elmhurst"), Bright Leasing Inc. ("Bright"), and individual defendants David Mears, Susan Moroni, and John Moroni. In a nutshell, the complaint alleges that Elmhurst has failed to make contributions to welfare and pension funds in accordance with a collective bargaining agreement. Count I seeks an order requiring Elmhurst to pay the delinquent amounts to the funds; Count II seeks a declaration that Bright is Elmhurst's successor in interest, and that as such, Bright is jointly and severally liable with Elmhurst for failure to make payments to the funds. Finally, Count III seeks to pierce the corporate veil of Elmhurst and Bright in order to hold the individual defendants personally liable for the corporations' debts. Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6)

to dismiss Counts II and III of plaintiffs' complaint on the ground that they fail to meet the pleading requirements of Fed. R. Civ. P. 8(a). For the reasons explained below, the motion is denied.

Defendants assert two basic arguments for dismissal. First, they object to the fact that many of plaintiffs' allegations are made "on information and belief." Defendants contend that this is inconsistent with the requirement, recently articulated by the Supreme Court, that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quotation marks removed). According to defendants, in order to meet this "plausibility requirement," plaintiffs' allegations must be based on more than mere "information and belief."

I disagree. The Supreme Court has made clear that Rule 8(a) "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quotation marks omitted) (noting that a complaint need not plead evidence); *Packaging Supplies, Inc. v. Harley-Davidson, Inc.*, No. 08-cv-400, 2009 WL 855798, at *5 (N.D. Ill. Mar. 30, 2009) ("[W]hile a plaintiff at the pleading stage must allege plausible facts, it need not marshal

all of its evidence."). Indeed, courts have routinely rejected the argument that defendants advance here. *See, e.g.*, *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir. 2008) (Sotomayor, J.); *E*Trade Savings Bank v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 8065, 2008 WL 2902576, at *1 n.1 (S.D.N.Y. July 25, 2008); *Dudzienski v. Gordon Food Serv., Inc.*, No. 07 C 4033, 2008 WL 4372720, at *2 (N.D. Ill. Mar. 19, 2008); *Follman v. Hospitality Plus of Carpentersville, Inc.*, 532 F. Supp. 2d 960, 963 n.1 (N.D. Ill. 2007). Nor do defendants cite any authority for the proposition that allegations made on information and belief are somehow insufficient or impermissible under Rule 8(a).

Defendants' second argument for dismissal is that the allegations in Counts II and III are formulaic and conclusory. This argument presents a somewhat closer question than the previous one; nevertheless, it fails. True, some of the complaint's allegations take the form of baldly asserted legal conclusions. For example, the amended complaint simply states that "Defendant BRIGHT is in law and in fact the successor corporation to defendant ELMHURST." Am. Compl. ¶ 12. Similarly, Count III alleges that various "corporate formalities were not observed with respect to both ELMHURST and BRIGHT," Am. Compl. ¶ 23, and goes on to list several examples in boilerplate fashion: "[a] nonpayment of dividends; [b] nonfunctioning of the officers or directors; [c] the absence of corporate records; [d] commingling of funds; [e]

diversion of assets from the corporation by or to shareholders or other persons or entities to the detriment of creditors such as the plaintiff funds; [and [f] failure to maintain arm's-length relationships among related entities," Am. Compl. ¶ 23.

Plaintiffs appear to believe that on a Rule 12(b)(6) motion, these allegations must be taken as true. *See* Pls.' Br. at 4. This is incorrect. As the Supreme Court has observed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. The Court has also observed that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. A complaint does not "suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (brackets and quotation marks omitted). Allegations such as those singled out above amount to little more than a "formulaic recitation of the elements" of a claim, and as such, are "not entitled to be assumed true." *Id.* at 1951.

For two reasons, however, plaintiffs' complaint nevertheless succeeds in complying with Rule 8(a). First, while the complaint contains many conclusory assertions, not all of its allegations are

-4-

of this character.  For example, Count II alleges that "defendant BRIGHT is the successor corporation to ELMHURST in that it took over the ELMHURST business intending to escape liability by using corporate law principles to defeat the legitimate interests of creditors such as the plaintiffs," Am. Compl. ¶ 14(a), by transferring "ELMHURST'S assets to BRIGHT which is a company that the owners of ELMHURST had also had a stake in, for less value or no value than would have been produced if the assets were deployed by ELMHURST in the ordinary course of business thus frustrating the legitimate interest and expectations of the plaintiffs," Am. Compl. ¶ 14(a).  Similarly, with respect to Count III, the plaintiffs allege that the individual defendants "diverted money from the operation of the business of ELMHURST and put it into defendant BRIGHT, where they used the money for their own person expenses" Am. Compl. ¶ 21, and that they "further failed to observe corporate formalities by engaging in this siphoning off of money from ELMHURST and further used money so siphoned to pay for personal items such as Season's Cubs Tickets," Am. Compl. ¶ 21.  When taken as a whole, the conclusory nature of the complaint's allegations is not pervasive enough to warrant dismissal.

Secondly, it should be noted that the allegations in Counts II and III relate to matters particularly within the defendants' knowledge.  Courts typically afford plaintiffs greater latitude and require less specificity where such allegations are concerned.

*See, e.g.*, *Boykin*, 521 F.3d at 215; *Dudzienski*, 2008 WL 4372720, at *2.

The Seventh Circuit has observed that "the height of the pleading requirement is relative to circumstances," *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009), and the Supreme Court has emphasized that "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S. Ct. at 1950. Ultimately, what Rule 8(a) requires is "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation marks omitted). The allegations in Counts II and III, when taken with the other allegations in the complaint, are more than sufficient to perform that function. Accordingly, the defendants' motion to dismiss Counts II and III is denied.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: January 7, 2009