IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE AUTOMOBILE MECHANICS INDUSTRY WELFARE AND PENSION FUNDS LOCAL 701 | ) ) ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | No. 09 CV 1856 |
| ELMHURST LINCOLN MERCURY INC., an Illinois Corporation, BRIGHT LEASING, INC., an Illinois Corporation, DAVID MEARS, individually, SUSAN MORONI, individually, | ) ) ) ) ) ) | Hon. Judge Elaine Bucklo |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendants, Elmhurst Lincoln Mercury Inc., Bright Leasing, Inc., David Mears, and Susan Moroni, by and through their attorneys, Springer, Brown, Covey, Gaertner and Davis, P.C., hereby requests that this Court deny Plaintiff, Trustees of the Automobile Mechanics Industry Welfare and Pension Funds Local 701 (herein "Trustees"), Motion for Summary Judgment, and in support thereof, state as follows:

**I. INTRODUCTION**

Defendant Elmhurst Lincoln Mercury, Inc., an Illinois corporation, is an employer that entered into a collective bargaining agreement with Plaintiff, Trustees of the Automobile Mechanics' Industry Welfare and Pension Funds Local 701 (herein "Funds"). In this agreement, Defendant Elmhurst agreed to make periodic contributions to the Funds on behalf of certain of its employees. (Am. Compl. Ex. A). Defendant

Elmhurst has made payments to the Funds and filed a number of periodic report forms,. Plaintiffs, in their Amended Complaint, make a number of baseless claims that Defendant Elmhurst transferred its assets and management to Defendant Bright (without alleging dates, amounts, identity of the parties involved, intent, etc), and that Defendants Susan Moroni and David Mears siphoned off assets from Defendant Elmhurst (also without alleging dates, amounts, identity of the parties involved, intent, etc).

Count I of the Amended Complaint seeks an order requiring Elmhurst to pay the delinquent amounts to the funds; Count II seeks a declaration that Bright is Elmhurst's successor in interest, and that as such, Bright is jointly and severally liable with Elmhurst for failure to make payments to the funds. Finally, Count III seeks to pierce the corporate veil of Elmhurst and Bright in order to hold the individual defendants personally liable for the corporations' debts.

Further, after the Amended Complaint was filed in the present case, and after the previous Defendants' Motion to Dismiss was denied on January 7, 2010, a date was not set for responsive pleadings. Federal Rules of Civil Procedure do not have preset deadlines for secondary pleadings. As a result, until prior to the filing of this Motion, Defendants did not have an opportunity to answer Counts II and III. As soon as counsel for Defendants learned of the failure to file an Answer to the Amended Complaint, an answer was filed on June 8, 2010, which denied the allegations set forth in Counts II and III.

## II. STANDARD OF REVIEW

### A. Summary judgment standard generally

Summary judgment is a drastic remedy and is appropriate only when there are no genuine issues of fact; and the pleadings, depositions, and admissions on file together with any affadavits, make it clear the movant is entitled to judgment as a matter of law. Purtill v. Hess, 111 Ill. 2d 229, 240 (1986). The summary judgment movant has the burden of demonstrating "the absence of factual dispute with respect to *all* issues raised by the pleadings." West Suburban Mass Transit District et al. v. Consolidated Rail Corporation, 210 Ill. App. 3d 484, 569 N.E.2d 187, 155 Ill. Dec. 187, 489 (Ill. App. 1991) (emphasis added). In ruling on a motion for summary judgment, the court has a duty to construe the evidence "strictly against the movant, and liberally in favor of the nonmovant." Mulligan v. QVC, Inc., 888 N.E.2d 1190, 371 Ill. Dec. 257, 1195 (Ill. App. 2008).

The trial court is limited to determining whether any genuine issues of fact exist; it does not allow a trial court to try those issues. Green v. International Ins. Co., 238 Ill. App. 3d 929, 933 (2nd Dist. 1992). Affadavits in support of summary judgment are to be strictly construed, those in opposition are to be liberally construed, and all benefit of the doubt goes to the non-movant. McVey v. Discher, 259 Ill. App. 2d 408, 413 (1st Dist. 1970). Finally, if the undisputed material facts could lead reasonable observers to divergent inferences, or where there is a dispute as to a material fact, summary judgment should be denied and the issue decided by the trier of fact. Prowell v. Loretto Hosp., 339 Ill. App. 3d 817 (1st Dist. 2003).

### III. ARGUMENT

This dispute centers around the bargaining agreement and contract that set up the union fringe benefit funds as a multi-employer collective bargaining fringe benefit fund entered into on behalf of the Chicagoland Automobile Dealers Association and the Automobile and Aerospace Workers Union Local 701 (herein the "Agreement"). (Am. Compl ¶¶ 5-9). Plaintiff, in its pleadings, calls into question the terms and negotiations of the contract (*See* Declaration of Paul Newman, p. 2 ¶¶ 7-9) (stating "we even showed them the applicable sections of the contract and they still refused to pay") (*See* Am. Compl.). In short, in Count I, Plaintiffs are alleging a breach of contract occurred.

> **A. Plaintiffs have not adequately alleged a breach of contract claim that warrants Summary Judgment.**

In determining whether a breach of a contract has occurred, the court must first look to the contract in its entirety to determine what its terms are. An agreement is integrated where the parties have adopted a writing or writings as the final and complete expression of an agreement: "It is an essential of an integration that the parties shall have manifested assent not merely to the provisions of their agreement, but to the writing or writings in question as a final statement of their intentions as to the matters contained therein." Christine G. Maas v. Board of Trustees of Community College District No. 529 et al., 94 Ill. App. 3d 562, 418 N.E.2d 1029, 50 Ill. Dec. 35, 578 (Ill. App. 1981). To determine whether parties have assented to a contract as a full and complete expression of their agreement, courts look to the contract itself to determine if there is an integration clause. An express integration clause, a term of a contract indicating both parties' assent to the contract as a complete expression of their agreement, precludes the admission of

extrinsic or parol evidence in ascertaining the intent of the parties when entering into a contract. Myron Eichengreen v. Rollins, Inc., 325 Ill. App. 3d 517, 757 N.E.2d 952, 259 Ill. Dec. 89, 524 (Ill. App. 2001).

In the absence of an integration clause, parol evidence, such as the context in which the agreement was made, oral agreements of the parties, and course of dealing of the parties, must be taken into consideration to determine the intent of the parties when they entered into the agreement. Delta Mining Corp. v. Big River, 18 F.3d 1398, 1403 (7th Cir. 1994). If this Court does decide that the Agreement was not integrated, extrinsic evidence of the conduct of the parties is admissible to determine the terms of the agreement and the intent of the parties upon entering into the agreement. N.W.I. International, Inc. v. Edgewood Bank, 291 Ill. App. 3d 247, 684 N.E.2d 401, 225 Ill. Dec. 716, 257 (Ill. App. 1997).

In TDC Development Corporation v. First Federal Savings and Loan Association, the court held that where there existed issues of material fact in the interpretation of language in an agreement, rendering judgment on the pleadings for either party was improper, since the language in the agreement was capable of being understood in more than one sense. *See* TDC Dev. Corp. v. First Fed. Sav. & Loan Ass'n, 204 Ill. App. 2d 170, 126 Ill. Dec. 750, 532 N.E.2d 435 (1st Dist. 1990).

The Agreement does not contain an integration clause. (Am. Compl. Ex. A). It also does not contain many of the specific terms that Plaintiffs are alleging in their Amended Complaint and Motion for Summary Judgment. Therefore the Agreement is not a complete integration. Christine G. Maas, 94 Ill. App. 3d at 578. Further, the contract language is capable of being understood in more than one sense, and thus,

rendering judgment on the pleadings is improper. *See* TDC Dev. Corp., 204 Ill. App. 2d 170, 126 Ill. Dec. 750, 532 N.E.2d 435 (1st Dist. 1990). This case, particularly the allegations of negotiations where terms of the contract were "shown" to Plaintiffs, that Bright Leasing, Inc. is in any way responsible for the amount that Plaintiff claims they are allegedly owed, and the degree of involvement of Susan Moroni and David Mears with the contracting, has called into question whether or not parol evidence should be considered to determine additional terms of the loan contracts. (*See* Declaration of Paul Nuemann; Amended Comp.). A contract's terms address are questions of fact that are to be determined by the court, and therefore, they are questions of fact that should preclude summary judgment. Hodgman, Inc., 113 Ill. App. 3d at 428. Further, inferences can be drawn in favor of the Plaintiff that the Agreement's terms were renegotiated, or that there are terms missing from the pleadings thus far, and so a motion for summary judgment must be denied. Prowell, 339 Ill. App. 3d at 821.

     **B. Plaintiffs have failed to adequately plead that a de factor merger occurred.**

Illinois courts have recognized that a de facto merger is sufficient to allow liabilities of the seller to be imposed on the buyer. People ex rel. Donahue v. Perkins & Will Architects, Inc., 90 Ill. App. 3d 349, 413 N.E.2d 29 (1st Dist. 1980). A de facto merger may only occur when the following are present: (1) there is a continuity of the business enterprise between seller and buyer, including continuity of management, employees, location, and assets; (2) there is a continuity of shareholders, in that shareholders of the seller become shareholders of the buyer; (3) the seller ceases operations and dissolves as soon as possible after the transaction; and (4) the buyer assumes those liabilities and obligations necessary for the uninterrupted continuation of

the seller's business. People ex rel. Donahue v. Perkins & Will Architects, Inc. ,(90 Ill. App. 3d 349 (1980).

Plaintiff fails to adequately allege facts that establish a continuity of business enterprise between Defendant Elmhurst and Defendant Bright, or between Defendant Bright and Defendants Moroni and Mear. It fails to identify any parties that continue as management between Defendant Elmhurst and Defendant Bright. It fails to identify any of the union workers that have allegedly moved from Defendant Elmhurst to Defendant Bright. All of the allegations that Plaintiff does make are conclusory and based "on information and belief." (*See* Am. Compl. ¶¶13, 14, 15). Moreover, Defendants, in their Answer to the Amended Complaint, denied almost all of the allegations set forth in Counts II and III. Because Plaintiff has failed to provide an adequate factual basis for its claims, and because this is a motion for summary judgment and all benefit of the doubt goes to the non-movant, Plaintiff's Motion should be denied. McVey, 259 Ill. App. 2d at 413.

### C. Plaintiffs have failed to adequately plead a claim that entitles them to pierce the corporate veil.

Under Illinois law, a corporation is a legal entity separate and distinct from its shareholders, officers and directors and, generally, from other corporations with which it may be affiliated. Van Dorn. Co. v. Future Chem and Oil. Corp., 753 F.2d 565, 569 (7th Cir. 1985) (citing Main Bank of Chicago v. Baker, 86 Ill.2d 188 (1981)). A corporate entity can only be disregarded and the veil of limited liability pierced when two requirements are met:

> First, there must be such unity of interest and ownership that the separate personalities of the corporation and the individual [or other corporation] no

> longer exist; and second, circumstances must be such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice.

Van Dorn, 753 F.2d at 569-70 (quoting Macaluso v. Jenkins, 95 Ill.App.3d 461 (1981)).

Similarly, the Seventh Circuit in Van Dorn noted the two-part test of the Illinois single entity theory discussed by the Illinois Supreme Court in Main Bank of Chicago v. Baker:

> Generally, before the separate corporate identity of one corporation will be disregarded and treated as the alter ego of another, it must be shown that it is so controlled and its affairs so conducted that it is a mere instrumentality of another, and it must further appear that observance of the fiction of separate existence would, under the circumstances, sanction a fraud or promote injustice.

753 F.2d at 570; 427 N.E.2d at 101. Regarding the first necessary element of control by the parent such that the subsidiary is a mere instrumentality, the following factors are to be considered in determining whether the requisite degree of control has been maintained by the parent:

(a) The parent corporation owns all or most of the capital stock of the subsidiary.

(b) The parent and subsidiary corporations have common officers and directors.

(c) The parent corporation finances the subsidiary.

(d) The parent corporation subscribes to all of the capital stock of the subsidiary or otherwise causes its incorporation.

(e) The subsidiary has grossly inadequate capital.

(f) The parent corporation pays the salaries and other expenses or losses of the subsidiary.

(g) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation.

(h) In the papers of the parent corporation or in the statements of its officers, the subsidiary is described as a department or division of the parent corporation, or its business or financial responsibility is referred to as the parent corporation's own.

(i) The parent corporation uses the property of the subsidiary as its own.

(j) The directors or executives of the subsidiary to not act independently in the interest of the subsidiary but take their orders from the parent corporation in the latter's interest.

(k) The formal legal requirements of the subsidiary are not observed.

Northern Ill. Gas Co. v. Total Energy Leasing Corp., 502 F. Supp. 412, 46 (N.D. Ill. 1980) (citing CM Corp. v. Oberer Dev. Co., 631 F.2d 563 (7th Cir. 1980)). Whether to pierce the corporate veil is a matter of the trial court's discretion. *See* Crum v. Krol, 99 Ill. App. 3d 651 (1981) (holding that "the trial court did not abuse its discretion in allowing Crum and Thomas Crum & Associates to be treated as a single entity").

Under Illinois law, piercing of the corporate veil on an alter ego theory is available only where failing to provide such relief would promote injustice or inequity. International Financial Services Corp. v. Chromas Technologies Canada, Inc., 356 F.3d 731, 737 (7th Cir. 2004). "Veil-piercing must be an exercise of equitable power." Id; Kock Refining v. Farmer Union Cent. Exchange, Inc, 831 F.2d 1339, 1345 (7th Cir. 1987). It is also important to note that veil-piercing under Illinois law is a matter of discretion, not of right, and that the remedy of piercing the corporate veil does not itself result in money damages. International, 356 F.3d at 737.

The conclusory allegations set forth in its Amended Complaint do not entitle Plaintiff Trustees to a Motion for Summary Judgment ruling in their favor. Defendants have denied the allegations in their Answer to the Amended Complaint. Moreover, Plaintiff has not plead that the parent corporation owns all or most of the capital stock of the subsidiary. Plaintiff Trustees have not alleged common officers and directors, that Defendant Elmhurst financed Defendant Bright, that Defendant Elmhurst has grossly inadequate capital, that Defendant Elmhurst pays the salaries and other expenses or losses

of Defendant Bright, that the directors or executives of Defendant Bright don't act independently in their interest but take their orders from Defendant Elmhurst, etc. Plaintiffs have also failed to allege that Defendants Mear and Moroni have completed any of these actions that would make piercing the corporate veil appropriate. Finally, Plaintiffs have failed to allege that not piercing the veil would result in fraud or injustice.

## IV. CONCLUSION

For the reasons stated herein, and as set forth in Defendant's Answer to the Amended Complaint, issues of material fact remain that must prevent the grant of summary judgment. Consequently, Defendants respectfully request that Plaintiff's Motion for Summary Judgment be denied.