# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 1856 | **DATE** | 9/29/2010 |
| **CASE TITLE** | Trustees ,et al. Vs. Elmhurst Lincoln Mercury | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for summary judgment (43) is granted in part and denied in part. The motion is granted as count I to the extent that count seeks an order to pay plaintiff $59,897, plus costs and attorneys fees pursuant to 29 U.S.C. 1132(g)(2).As to the remaining counts the motion is denied.

■[ For further details see text below.]  Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff's motion for summary judgment is granted in part. To prevail on its motion, plaintiff bears the initial burden of establishing that "there is no genuine issue of material fact and that [it] is entitled to judgment as a matter of law." *Becker v. Tenenbaum-Hill Associates, Inc.*, 914 F.2d 107, 110 (7th Cir. 1990) (citing Fed. R. Civ. P. 56©). If plaintiff carries this burden, defendants must go beyond the pleadings and point to "specific facts to show that there is a genuine issue of material fact." *Id*.

     Both parties' submissions are generally chaotic. Plaintiff offers uncontroverted evidence that defendant Elmhurst Lincoln Mercury ("Elmhurst") failed to make fringe benefits and pension contributions as required by its collective bargaining agreement with the union. But the amount plaintiff claims it is owed is unclear. Plaintiff submits the affidavit of Paul Neumann, who states that he is the controller of the Automobile Mechanics fringe benefits fund; that he has knowledge of Elmhurst's payments and payment obligations to plaintiff; and that as of June 7, 2010, Elmhurst owed $135,497 in unpaid health and welfare contributions; $56,489 in unpaid pension contributions; and $350 in "unpaid filing fees." There is no question that defendants' naked denial of these facts, citing only their answer (filed after plaintiff's motion) and no evidence in support, is insufficient to raise an issue for trial. Nor do defendants articulate any colorable argument for denying summary judgment as to count I. Yet, the only specific amount identified in plaintiff's motion as indisputably delinquent is $59,897 for the period of September 17, 2008 through March 18, 2009, which value plaintiff claims is supported by an elusive "Exhibit B." If this exhibit has been filed, I have been unable to locate it on the docket, though I note that the value is the same as that alleged in the amended complaint. Of course, the amounts in plaintiff's various submissions are not necessarily inconsistent; the Neumann affidavit (and supporting spreadsheet) support plaintiff's claim that at least the amount identified in the motion and complaint is due.

     Elmhurst does not controvert the facts established by the Neumann affidavit, but I am loath to order

| STATEMENT |
|---|

Elmhurst to pay an amount in excess of the one specifically identified as uncontested in plaintiff's motion. Accordingly, plaintiff's motion is granted as to count I to the extent that count seeks an order to pay plaintiff $59,897, plus costs and attorneys fees pursuant to 29 U.S.C. 1132(g)(2).[1]

As to the remaining two counts (for a declaration that Bright Leasing, Inc., is the successor-in-interest to Elmhurst and thus jointly and severally liable for amounts due under the collective bargaining agreement in count II, and to pierce the corporate veil and hold the Moroni defendants and Bright leasing jointly and severally liable for those amounts in count III), neither side has presented sufficient evidence in support of its position. Plaintiff purports to rely on the Neumann affidavit for some of the facts relevant to these counts as well, but not only does Neumann not claim to have first-hand knowledge of those facts, his statements cite only to the complaint, not to any evidence. In fact, it does not appear from the face of the parties' submissions that any discovery has been conducted on the issues raised by counts II and III at all. Since it is plaintiff who bears the initial burden on summary judgment, its failure to present evidence showing its entitlement to judgment is fatal. Accordingly, I deny summary judgment as to these counts.

---

1. The statute provides:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 ["Delinquent Contribution"] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan--
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
>   (I) interest on the unpaid contributions, or
>   (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.